UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

```
MICHAEL GREENE and DEBBIE BERNIER  )
on behalf of E.G., their minor child                     )
                        Plaintiffs                                )
                                                                        )
                    v.                                                )
                                                                        )
                                                                        )
NEW ENGLAND SUZUKI INSTITUTE       )
                                                                        )
                        Defendant                              )
```

**COMPLAINT**

Plaintiffs Michael Greene and Debbie Bernier, parents and guardians of E.G. (d.o.b. ▇▇2005), complain against Defendants New England Suzuki Institute ("NESI") as follows:

**<u>INTRODUCTION</u>**

1. This case is brought by the parents of a child with a disability for disability discrimination and retaliation on the part of NESI regarding Plaintiffs' and E.G.'s past participation in NESI's summer program in 2017 and their participation in the upcoming program for summer 2018.

2. Although E.G. and her parents have attended the NESI summer program for the past seven years, NESI has decided to bar Plaintiffs' participation for the upcoming summer session. NESI has indicated that it will permit E.G. to participate

alone, but parental participation is a fundamental element of the program. Without it, a student will lose an essential component of the instruction.

3. The decision to bar Plaintiffs from the 2018 program is directly related to their advocacy during 2016 and 2017 for their child's need for disability-related accommodations.

4. NESI did not consistently provide the accommodation during the 2016 or the 2017 programs.

## PARTIES AND JURISDICTION

5. The Plaintiffs are residents of Windham, County of Cumberland, State of Maine.

6. The New England Suzuki Institute is a Maine-based organization with a principal place of business in Portland, Maine. The summer program is held in Standish Maine.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1332 because it involves federal questions arising under Title III of the Americans with Disabilities Act 42 U.S.C. § 12182(a) and its implementing regulations 28 CFR § 35.

## FACTS COMMON TO ALL COUNTS

8. E.G. is a 12-year old aspiring musician who is pursuing her musical education through the Suzuki method.[1]

---

[1] The Suzuki Method was developed by Japanese violinist Shinichi Suzuki. He applied the basic principles of language acquisition to the learning of music. The method's central features are: parent responsibility, loving

9. E.G. is also a child with a disability. She suffers from a severe, potentially life-threatening allergy that can be triggered by exposure to animal fur and saliva. An allergic reaction can quickly compromise her ability to breathe, speak, and swallow.

10. E.G.'s treating physician has recommended that she avoid exposure to furred animals including dogs and Plaintiffs have provided at least three letters regarding E.G.'s allergy from the doctor to NESI.

11. NESI offers a week-long music program for children each June at Saint Joseph's College of Maine on Sebago Lake. NESI's program is the only summer program featuring the Suzuki method in the southern Maine region.

12. The program consists of music lessons for students of a variety of string instruments and culminates in a student performance at the end of the week.

13. E.G. has attended the NESI program with her parents each summer for the past seven years. An important component of the NESI program is the involvement of a child's parents.

14. Plaintiffs have been fully involved in E.G.'s Suzuki-method music training and have attended the NESI program with her each summer. Attendance at NESI each summer is an important family event for the Plaintiffs.

---

encouragement, constant repetition, individual and group lessons, and lessons designed to build music skills within the context of the music rather than technical exercises. Parent Involvement is a key feature. Parents attend lessons with the child and serve as "home teachers." Suzuki Association of America www.suzukiassociation.org/about/suzuki-method.

15. The fundamental components of the NESI program are related to musical instruction, practice, and performance and do not include anything that would necessitate the presence of animals at the program location.

16. Animals are not part of the NESI program, but the administrators have an informal practice of allowing families to bring pets to the program.

17. At the 2016 program, however, one of the participating families brought a dog to the program.[2]

18. Because of the risk posed to E.G. by the presence of a dog at the program, Plaintiffs requested that NESI make an accommodation for E.G. so that she would be able to access the summer music program without danger of being exposed to the dog.

19. Plaintiffs provided the NESI administration with a clear explanation that she needed a learning space, performance space, and eating area that was free from animals, animal fur, and animal saliva. When NESI requested documentation from E.G.'s physician, Plaintiffs provided it.

20. NESI assured Plaintiffs that E.G. would not be in the same classroom with the student and the dog, but made no effort to keep the dog out of other areas of the facility including the dining area.

21. Prior to the 2017 summer session, Plaintiffs reminded the NESI administrators of E.G.'s disability accommodation and made additional requests that

---

[2] Plaintiffs were told that the dog was a service dog for one of the students, however, they later learned that the dog was not specially trained to perform work for the student as required by the ADA.

animals not be allowed in proximity to E.G. in the classroom as well as the performance area and dining area.

22. NESI indicated that it would only provide E.G. with an animal-free classroom for her lessons, but would not be able to provide an animal-free eating area or performance space.

23. NESI did not change its informal practice of allowing pets and did not ask the participants and their families to leave their pets at home during the week.

24. For the most part, E.G. did not encounter animals during the week-long program.

25. However, at the student performance at the conclusion of the week, some NESI families brought their pet dogs to the performance.

26. When they noticed that dogs were at the concert and the dog handlers were entering the performance space, Plaintiffs became concerned that E.G. might come in to contact with allergens and have a reaction that would disrupt her performance and potentially cause a life-threatening reaction.

27. Plaintiffs, not NESI administrators or staff, spoke with the dog handlers, disclosed that their child suffered from a severe allergy, and asked them to take their pets away from the performance areas. The dog handlers complied with the Plaintiffs' request. However, one dog remained just outside the performance space and was handled by various children who were not aware that the dog was not allowed inside or near the performance space.

28. At conclusion of the performance, the plaintiffs spoke with NESI administrators about having to confront people during the performance. They expressed their distress and concern that NESI's inaction in the face of their request for disability accommodation for their daughter caused a potentially dangerous situation for her.

29. In an attempt to convey the weight of their concern and the seriousness of their daughter's condition, Plaintiffs drew a parallel between what it felt like for them to see a person with a pet dog getting near to E.G. with what it might feel like for any parent to see a person with a gun in proximity to children. At the time this conversation took place, the NESI administrators involved in this conversation did not express alarm at the analogy or indicated that the Plaintiffs' statements were understood as threatening in any way.

30. In July, Plaintiffs received a letter from NESI's attorney accusing them of making a comment that "was incredibly disturbing, inappropriate, and could have been taken as a direct or veiled threat." The letter also stated, "In this day and age, making suggestions about bringing firearms to an area where parents, children, and families are present is especially wrong." [3] The letter indicated that NESI had "made a record" of the statement for future action.

31. In October, Plaintiffs received a second letter from NESI's counsel indicating that due to Plaintiffs "suggestions that you would bring firearms to a children's concert to make attendees feel threatened," they would not be permitted to participate in

---

[3] Maine statute does not prohibit firearms in areas where children are present. In fact, Maine has a "constitutional carry law" which allows individuals who may legally possess firearms to carry them openly. Maine also allows legal gun owners to carry a concealed handgun without a permit.

-6-

the NESI program in 2018. This letter also indicated that NESI had reported the incident the police.

32. Plaintiffs attempted to enroll E.G. in the program in January. They received a second letter indicating that they were barred from attending the program with E.G. and asking whether they wished to designate someone else to act in their place.

33. Subsequent communication from NESI referenced E.G.'s father's behavior during the 2016 program as "confrontational and aggressive."

34. All of these accusations are directly related to Plaintiffs' advocacy on behalf of their daughter related to her need for disability accommodations.

## COUNT I
### Failure to Accommodate 42 U.S.C. § 12182 (2)(ii)

35. Plaintiffs repeat the allegations contained in paragraphs 1 through 34 above.

36. Plaintiffs' minor child, E.G. is a person with a disability within the meaning of the Americans with Disabilities Act ("ADA") due to her medical diagnosis of severe allergies to the fur and saliva of animals which affects one or more of her major life activities.

37. Defendants were aware of E.G.'s disability and regarded her as having a disability following disclosure by her parents and the receipt of a letter from E.G.'s treating physician regarding the diagnosis.

38. E.G. is otherwise qualified to attend the NESI summer program having successfully pursued musical education for years. E.G. has no disciplinary issues, is

regarded as an excellent music student, and her disability-related concerns do not present a threat, direct or indirect, to other NESI participants or staff.

39. Defendants operate a place of public accommodation. As a private organization offering musical education to children and teens and their families, NESI is subject to Title III of the ADA, 42 U.S.C. § 12181(7)(A-F).

40. Based on the foregoing, Defendants failed to provide reasonable accommodations or modifications for E.G. during the 2016 and 2017 summer program.

41. Plaintiffs are entitled to relief under Title III of the ADA.

## COUNT II
### Retaliation 42 U.S.C. § 12182, *et. seq.* 28 C.F.R. 36.206

42. Plaintiffs repeat the allegations contained in paragraphs 1 through 41.

43. Plaintiffs' minor child, E.G. is a person with a disability within the meaning of the Americans with Disabilities Act ("ADA") due to her medical diagnosis of severe allergies to the fur and saliva of animals which affects one or more of her major life activities.

44. Defendants were aware of E.G.'s disability and regarded her as having a disability following disclosure by her parents and the receipt of a letter from E.G.'s treating physician regarding the diagnosis.

45. E.G. is otherwise qualified to attend the NESI summer program having successfully pursued musical education for years. E.G. has no disciplinary issues, is regarded as an excellent music student, and her disability-related concerns do not present a threat, direct or indirect, to other NESI participants or staff.

46. Defendants operate a place of public accommodation. As a private organization offering musical education to children and teens and their families, NESI is subject to Title III of the ADA, 42 U.S.C. § 12181(7)(A-F).

47. Defendants have excluded Plaintiffs from participation in the program for 2018.

48. Based on the foregoing, Defendants are excluding Plaintiffs from its program on the basis of their advocacy for their minor child's ADA rights. Defendant's basis for baring Plaintiffs from the 2018 summer program—threatening to bring a gun to a children's performance--is pretextual.

49. Plaintiffs are entitled to relief under the Americans With Disabilities Act, including injunctive relief to permit them to attend the 2018 program.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor against New England Suzuki Institute to include (a) declaratory relief that NESI's conduct in 2016 and 2017 amounted to a violation of the ADA's requirement that places of public accommodation provide reasonable accommodations for persons with disabilities, and NESI's refusal to allow Plaintiffs to participate in the summer 2018 program is retaliation in violation of the ADA's anti-retaliation provisions; (b) injunctive relief in the form of a reversal of NESI's prohibition on Plaintiff's participation in the 2018 program; (c) compensatory and civil penal damages, as are reasonable; (d) recover of Plaintiffs' costs of suit, including reimbursement of attorney's fees and litigation

expenses under the ADA; and (e) such further relief as the Court may deem just and proper.

Dated:  April 2, 2018

/s/ Amy Phalon
Amy Phalon
Counsel for Plaintiffs

MURRAY, PLUMB & MURRAY
75 Pearl Street
P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651