UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MICHAEL GREENE, and | ) | |
|---|---|---|
| DEBBIE BERNIER, on behalf of | ) | |
| E.G. their minor child | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00141-JAW |
| | ) | |
| NEW ENGLAND SUZUKI | ) | |
| INSTITUTE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS**

After the Court denied their request for a preliminary injunction, a student's parents move to voluntarily dismiss their lawsuit against the operator of a summer educational program and request that the Court enter a dismissal without prejudice. The educational program objects and asks the Court to dismiss the lawsuit with prejudice. Applying First Circuit precedent, the Court dismisses the lawsuit without prejudice.

**I.  BACKGROUND**

On April 2, 2018, Michael Greene and Debbie Bernier, parents and guardians of E.G., filed a complaint. *Compl.* (ECF No. 1). New England Suzuki Institute (NESI) answered on May 10, 2018. *Answer* (ECF No. 5). On May 15, 2018, the Plaintiffs filed a motion for a preliminary injunction. *Pls.' Mot. for Prelim. Inj. with Incorporated Mem. of Law* (ECF No. 8) (*Pls.' Mot.*). On June 4, 2018, NESI filed its response in opposition to the motion along with the declarations of three of its staff:

Assistant Director Wendy Sawicki, Co-Director Yasmin Vitalius, and President Elizabeth Sellers. *Def.'s Obj. to Pls.' Mot. for Prelim. Inj.* (ECF No. 9) (*Def.'s Opp'n*); *Def.'s Opp'n* Attach. 1 *Decl. of Wendy Sawicki*; *Def.'s Opp'n* Attach. 2 *Decl. of Yasmin Vitalius*; *Def.'s Opp'n* Attach. 3 *Decl. of Elizabeth Sellers*. On June 14, 2018, the Plaintiffs filed their reply together with declarations by each of them. *Reply Mem. in Support of Pls.' Mot. for Prelim. Inj.* (ECF No. 10) (*Pls.' Reply*); *Pls.' Reply* Attach. 1 *Decl. of Michael Greene*; *Pls.' Reply* Attach. 3 *Decl. of Debbie Bernier*.

On June 22, 2018, the Court entered an order denying the Plaintiffs' motion for preliminary injunction. *Order on Mot. for Preliminary Inj.* (ECF No. 18) (*Order on Preliminary Inj.*). On July 31, 2018, the Plaintiffs filed a motion to dismiss. *Mot. to Dismiss* (ECF No. 19). On August 21, 2018, the Defendants filed a response in opposition to the Plaintiffs' motion to dismiss. *Resp. to Mot. to Dismiss* (ECF No. 21) (*Def's. Opp'n*). On August 30, 2018, the Plaintiffs filed a reply. *Reply to Resp. to Mot. to Dismiss* (ECF No. 23) (*Pls.' Reply).*

## II. POSITIONS OF THE PARTIES

### A. Plaintiffs' Motion

Michael Greene and Debbie Bernier request that the Court dismiss the claims in their Complaint, as:

> The 2018 session of the NESI program has already taken place without [their] child, E.G., in attendance. . . The Plaintiffs have determined that it is counterproductive to expend significant time, effort, and expense in pursuing a lawsuit while they feel they need to devote their time and energy to healing their child.

2

*Pls.' Mot*. at 2. The Plaintiffs argue that "dismissal without prejudice should be permitted under the rules unless the court finds that the defendant will suffer legal prejudice," *Id.* at 2-3 (citing *P.R. Mar. Shipping Auth. v. Leith,* 668 F.2d 46, 50 (1st Cir. 1981)). According to the Plaintiffs:

> [i]n deciding whether to grant a Rule 41(a)(2) motion, courts typically look to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Palmer v. Wells*, No. 04-12-P-H, 2004 U.S. Dist. LEXIS 16154, at *20 (D. Me. Aug. 11, 2004) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). The Plaintiffs argue that because "the defendant has not filed a counterclaim, neither party has filed a motion for summary judgment, nor have the parties engaged in any depositions or other major expense-generating discovery initiatives," the Defendant would not be prejudiced by dismissal. *Id.* at 3.

### B. Defendant's Response

NESI does not object to dismissal, but "objects to the 'Statement of Michael Greene and Debbie Bernier' attached to the Plaintiffs' Motion", which it views as "an attempt to reargue Plaintiffs' position which has already been rejected by this Court." *Def.'s Opp'n* at 1. The Defendant also asks that "any dismissal of this matter . . . be binding in any later filed action" because "Defendant had to drop everything and file a substantive and extensive response to Plaintiffs' motion", and the Court had to produce a "lengthy opinion which also took no small amount of time to prepare." *Id.* at 2.

### C. Plaintiffs' Reply

The Plaintiffs oppose the Defendant's request that the dismissal be granted with prejudice, and "maintain that the dismissal of their complaint should be without prejudice, as no discovery has occurred and NESI would not be legally prejudiced by dismissal on the terms requested by Plaintiffs." *Pls.' Reply* at 1. The Plaintiffs state that NESI "does not assert that it would be unfairly prejudiced by dismissal of Plaintiffs' complaint in any of the categories the court considers," which "include when a plaintiff (1) proposes to dismiss the case at a late stage of pretrial proceedings; (2) seeks to avoid an imminent adverse ruling; or (3) seeks to deprive the defendant of limitations or other defenses upon refiling." *Id.* at 2 (citing *In re FEMA Trailer Formaldahyde Products Liability Litigation*, 628 F3d 157 (5th Cir. 2010); *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314 (5th Cir. 2002); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed. 2010) (WRIGHT & MILLER)).

### III. DISCUSSION

As the Defendant answered the Plaintiffs' Complaint and the parties have not stipulated to a dismissal, Federal Rule of Civil Procedure 41(a) applies:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

FED. R. CIV. P. 41(a)(2). Whether to dismiss an action without prejudice under Rule 41(a)(2) remains in the discretion of the Court. *Doe v. Urohealth Sys. Inc.,* 216 F.3d 157, 160 (1st Cir. 2000); *Alamance Indus., Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir.

1961); *Canadian Nat'l. Ry. Co. v. Montreal, Maine & Atl. Ry., Inc.*, 275 F.R.D. 38, 41 (D. Me. 2011) (citing *JRA Architects & Project Managers, P.S.C. v. First Financial Group,* Inc., 375 Fed. Appx. 42, 43 (1st Cir. 2010)). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Id.* (citing *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46, 50 (1st Cir. 1981)). In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to:

> (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that the motion is made at a critical juncture in the ongoing processing of the case; and (5) whether a dispositive motion has been filed by the defendant.

*Lasbury v. People's United Bank*, No. 2:14-cv-00338-JAW, 2016 WL 742894, at *2 (D. Me. Feb. 24, 2016) (quoting *Doe*, 216 F.3d at 160). The First Circuit clarified that the district courts "need not analyze each factor or limit their consideration to these factors." *Id.*

The relevant factors, taken together, support dismissal without prejudice. Regarding the first factor, NESI argues it "had to file a substantive and extensive response to Plaintiffs' motion" for a preliminary injunction, and it would therefore be prejudiced by a dismissal without prejudice. *Def.'s Opp'n* at 2. However, as the Court stated in *Canadian National*, "the speedy and extensive briefing and hearing on the motion for preliminary injunction presaged a similar . . . effort . . . if the matter were to proceed to trial." 275 F.R.D. at 42. This factor weighs in favor of dismissal without prejudice.

5

The second factor also favors dismissal without prejudice, as NESI does not allege that the Plaintiffs caused excessive delay or failed to prosecute the action diligently, and nothing in the record suggests otherwise. The Court finds the Plaintiffs' explanation for the need for a dismissal—the fact that they lost at the preliminary injunction stage, and the camp already took place without their daughter's participation— to weigh against prejudice under the third factor. *Pls.' Mot.* at 2. Similarly, given that the Court denied the Plaintiffs' request for a preliminary injunction on June 22, 2018, granting voluntary dismissal at this procedural stage of the case would be appropriate and would not prejudice the Defendant, as required under the fourth factor. The single remaining factor weighing against a dismissal without prejudice is the Defendant's objection, but standing alone, the Defendant's objection does not dictate a result in its favor.

The Defendant's "main claim of prejudice is that they will suffer exposure to potential re-litigation." *Canadian Nat'l*, 275 F.R.D. at 42. The Court understands the Defendant's concern. The statement that the Plaintiffs attached to their motion to dismiss gives little comfort that the Plaintiffs will not sue NESI again. The Plaintiffs "categorically deny all allegations and accusations brought against us by the [NESI] concerning the events surrounding their summer music camps in 2016 and 2017." *Pls.' Mot.* Attach. 1, *Statement of Michael Green and Debbie Bernier* at 1 (Jul. 31, 2018)). They describe NESI's actions as "ruthless" and "reprehensible." *Id.* They state that their child "feels the people involved are cruel." *Id.* They reiterate

that "[i]n no way is our decision an admission of any wrongdoing on our parts or lack of culpability on NESI's part." *Id.*

Even discounting this statement as reflective of parental love and protection, NESI could be forgiven for worrying that if the same issue presents itself, the parents will initiate another similar lawsuit on the same grounds as the one they have dismissed. The Plaintiffs have made it plain they still consider their actions not merely legally justified, but morally right, and that they view NESI's actions as not merely legally indefensible, but morally wrong. Even so, the First Circuit wrote that it would find an abuse of discretion by the trial court "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, <u>as opposed to facing the mere prospect of a second lawsuit</u>." *Doe*, 216 F.3d at 160-61 (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (emphasis supplied)).

At the same time, based on the tenor of the Plaintiffs' statement, the Court wonders whether NESI need be so concerned about the prospect of a second lawsuit. It would be surprising if the Plaintiffs sought to re-enroll their daughter at NESI and there is no allegation that they have. After all, NESI is not the only program in southern Maine for a young musically-inclined girl to obtain a musical education and, given the tension with NESI, the Court hopes they have found an acceptable alternative where their daughter's allergies may be more readily accommodated. The Court views the Plaintiffs' statement as a final retort in a contentious argument as they leave the room and slam the door, never to return.

7

Finally, if the Court dismissed this lawsuit with prejudice and if the Plaintiffs sued NESI again, the litigation would devolve into whether the facts underlying the second lawsuit were similar enough to the first to be barred. It strikes the Court that if the Plaintiffs file a second lawsuit substantially similar to this lawsuit, the legal path has already been traveled and if the Plaintiffs file a dissimilar lawsuit, the path will have to be cut anew.

Under Federal Rule of Civil Procedure 41(a)(2), the usual rule is that the action be dismissed without prejudice and applying the First Circuit factors, the Court applies the usual rule to the Plaintiffs' motion under Rule 41(a)(2).

## IV. CONCLUSION

The Court GRANTS Plaintiffs' Motion to Dismiss (ECF No. 19) without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2018